UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RANDALL JOHNSON, JR, Admn. Of the Estate of SASHA GARVIN, deceased | ) ) ) | CASE NO.: 3:19-CV-00054 |
| Plaintiff, | ) ) ) | JUDGE |
| vs. | ) ) | **ANSWER OF DEFENDANTS NAPHCARE, INC, APRIL MERKT, GREG MILLS, BRENDA** |
| NAPHCARE, INC, et al., | ) ) ) | **ELLIS, M.D., PAMELA MITCHELL, R.N. AND DARRELL RADER, R.N., TO PLAINTIFF'S** |
| Defendants. | | **FIRST AMENDED COMPLAINT** |

Defendants' Naphcare, Inc., April Merkt, Greg Mills, Brenda Ellis, M.D., Pamela Mitchell, R.N., and Darrell Rader, R.N., (hereinafter collectively referred to as "Defendants"), by and through counsel, hereby answer Plaintiff's First Amended Complaint as follows:

1. Defendants deny for want of knowledge the allegations contained in ¶ 1.

2. Defendants admit the allegations contained in ¶ 2.

3. In response to ¶ 3, Defendants admit that April Merkt is a licensed nurse in the State of Ohio. Defendants deny the remaining allegations contained in ¶ 3.

4. In response to ¶ 4, Defendants admit that Greg Mills is a licensed nurse in the State of Ohio. Defendants deny the remaining allegations contained in ¶ 5.

5. In response to ¶ 5, Defendants admit that Pamela Mitchell is a licensed nurse in the State of Ohio. Defendants deny the remaining allegations contained in ¶ 4.

6. In response to ¶ 6, Defendants admit that Darrell Rader is a licensed nurse in the State of Ohio. Defendants deny the remaining allegations contained in ¶ 6.

7. In response to ¶ 7, Defendants admit that Brenda Ellis, M.D. is a licensed medical doctor in the state of Ohio. Defendants deny the remaining allegations contained in ¶ 7.

8. Defendants deny the allegations contained in ¶ 8.

9. Defendants deny for want of knowledge the allegations contained in ¶ 9.

10. Defendants deny for want of knowledge the allegations contained in ¶ 10.

11. Defendants deny for want of knowledge the allegations contained in ¶ 11.

12. Defendants deny the allegations contained in ¶ 12.

## FIRST CAUSE OF ACTION
### (Medical Negligence)
### (Against Defendants, Naphcare, Merkt, Mills, Mitchell, Rader and Ellis)

13. In response to ¶ 13, Defendants reincorporate their responses to ¶ ¶ 1 through 12 of the Complaint as fully rewritten herein.

14. Defendants deny the allegations contained in ¶ 14.

15. Defendants deny the allegations contained in ¶ 15.

16. Defendants deny for want of knowledge the allegations contained in ¶ 16.

17. Defendants deny the allegations contained in ¶ 17.

18. Defendants deny the allegations contained in ¶ 18.

19. Defendants deny the allegations contained in ¶ 19.

20. Defendants deny the allegations contained in ¶ 20.

21. Defendants deny the allegations contained in ¶ 21.

22. Defendants deny the allegations contained in ¶ 22.

23. Defendants deny the allegations contained in ¶ 23.

24. Defendants deny the allegations contained in ¶ 24.

25. Defendants deny the allegations contained in ¶ 25.

26. Defendants deny the allegations contained in ¶ 26.

27. Defendants deny the allegations contained in ¶ 27.

28. Defendants deny the allegations contained in ¶ 28.

29. Defendants deny the allegations contained in ¶ 29.

30. Defendants deny the allegations contained in ¶ 30.

31. Defendants deny the allegations contained in ¶ 31.

32. Defendants deny the allegations contained in ¶ 32.

33. Defendants deny the allegations contained in ¶ 33.

## SECOND CAUSE OF ACTION
### (Wrongful Death)
### (Against Defendants, Naphcare, Merkt, Mills, Mitchell, Rader, and Ellis)

34. Defendants deny the allegations contained in ¶ 34.

35. Defendants deny for want of knowledge the allegations contained in ¶ 35.

36. Defendants deny the allegations contained in ¶ 36.

37. Defendants deny the allegations contained in ¶ 37.

## THIRD CAUSE OF ACTION
### (Survivorship)
### (Against Defendants, Naphcare, Merkt, Mills, Mitchell, Rader, and Ellis)

38. In response to ¶ 34, Defendants reincorporate their responses to ¶ ¶ 1 through 38 of the Complaint as fully rewritten herein.

39. Defendants deny the allegations contained in ¶ 39.

40. Defendants deny the allegations contained in ¶ 40.

41. Defendants deny the allegations contained in ¶ 41.

## FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)
### (Against Defendants, Naphcare, Merkt, Mills, Mitchell, Rader, and Ellis)

42. In response to ¶ 42, Defendants reincorporate their responses to ¶ ¶ 1 through 41 of the Complaint as fully rewritten herein.

43. Defendants deny the allegations contained in ¶ 43.

44. Defendants deny the allegations contained in ¶ 44.

45. Defendants deny the allegations contained in ¶ 45.

## FIFTH CAUSE OF ACTION
### (Negligent Hiring/Supervision)
### (Against Defendant Naphcare)

46. In response to ¶ 46, Defendants reincorporate their responses to ¶ ¶ 1 through 45 of the Complaint as fully rewritten herein.

47. Defendants admit that Defendant Ellis was employed by Defendant Naphcare, Inc. Defendants deny the remaining allegations contained in ¶ 47.

48. Defendants deny the allegations contained in ¶ 48.

49. Defendants deny the allegations contained in ¶ 49.

50. Defendants deny the allegations contained in ¶ 50.

51. Defendants deny the allegations contained in ¶ 51.

52. Defendants deny the allegations contained in ¶ 52.

53. Defendants deny the allegations contained in ¶ 53.

54. Defendants deny the allegations contained in ¶ 54.

55. Defendants deny the allegations contained in ¶ 55.

56. Defendants deny the allegations contained in ¶ 56.

## SIXTH CAUSE OF ACTION
**(Deprivation of Constitutional Rights, Deliberate Indifference to a Serious Medical Need Pursuant to 42 U.S.C. Section 1983)**
**(Against All Defendants)**

57. In response to ¶ 57, Defendants reincorporate their responses to ¶ ¶ 1 through 56 of the Complaint as fully rewritten herein.

58. Defendants deny the allegations contained in ¶ 58.

59. Defendants deny the allegations contained in ¶ 59.

60. Defendants deny the allegations contained in ¶ 60.

61. Defendants deny the allegations contained in ¶ 61.

62. Defendants deny the allegations contained in ¶ 62.

63. Defendants deny the allegations contained in ¶ 63.

64. Defendants deny the allegations contained in ¶ 64.

65. Defendants deny the allegations contained in ¶ 65.

66. Defendants deny the allegations contained in ¶ 66.

67. Defendants deny the allegations contained in ¶ 67.

68. Defendants deny the allegations contained in ¶ 68.

69. Defendants deny the allegations contained in ¶ 69.

70. Defendants deny the allegations contained in ¶ 70.

71. Defendants deny the allegations contained in ¶ 71.

72. Defendants deny the allegations contained in ¶ 72.

73. Defendants deny the allegations contained in ¶ 73.

74. Defendants deny the allegations contained in ¶ 74.

75. Paragraph 75 of the Amended Complaint is blank. To the extent any response is necessary, Defendants deny the allegations contained in ¶ 75.

76. Defendants deny the allegations contained in ¶ 76.

77. Defendants deny the allegations contained in ¶ 77.

78. Defendants deny the allegations contained in ¶ 78.

79. Defendants deny the allegations contained in ¶ 79.

80. Defendants deny the allegations contained in ¶ 80.

81. Defendants deny the allegations contained in ¶ 81.

82. Defendants deny the allegations contained in ¶ 82.

83. Defendants deny the allegations contained in ¶ 83.

**SEVENTH CAUSE OF ACTION**
**(Failure to Supervise / Failure to Train / Failure to Discipline**
**Pursuant to 42 U.S.C. Section 1983)**
**(Against Defendant Naphcare, Sheriff, MCBC)**

84. In response to ¶ 84, Defendants reincorporate their responses to ¶ ¶ 1 through 83 of the Complaint as fully rewritten herein.

85. Defendants deny the allegations contained in ¶ 85.

86. Defendants deny the allegations contained in ¶ 86.

87. Defendants deny the allegations contained in ¶ 87.

88. Defendants deny the allegations contained in ¶ 88.

89. Defendants deny the allegations contained in ¶ 89.

90. Defendants deny the allegations contained in ¶ 90.

91. Defendants deny the allegations contained in ¶ 91.

92. Defendants deny the allegations contained in ¶ 92.

93. Defendants deny the allegations contained in ¶ 93.

94. Defendants deny the allegations contained in ¶ 94.

95. Defendants deny the allegations contained in ¶ 95.

96. Defendants deny the allegations contained in ¶ 96.

97. Defendants deny the allegations contained in ¶ 97.

98. Defendants deny the allegations contained in ¶ 98.

99. Defendants deny the allegations contained in ¶ 99.

100. Defendants deny the allegations contained in ¶ 100.

101. Defendants deny the allegations contained in ¶ 101.

102. Defendants deny the allegations contained in ¶ 102.

103. Defendants deny the allegations contained in ¶ 103.

104. Defendants deny the allegations contained in ¶ 104.

105. Defendants deny the allegations contained in ¶ 105.

106. Defendants deny the allegations contained in ¶ 106.

107. Defendants deny the allegations contained in ¶ 107.

108. Defendants deny the allegations contained in ¶ 108.

109. Defendants deny the allegations contained in ¶ 109.

110. Defendants deny the allegations contained in ¶ 110.

111. Defendants deny the allegations contained in ¶ 111.

112. Defendants deny the allegations contained in ¶ 112.

113. Defendants deny the allegations contained in ¶ 113.

**AFFIRMATIVE DEFENSES**

1. Liability is expressly denied.

2. Plaintiff's claims fail for lack of a proper Affidavit of Merit and failure to comply with Ohio Civ. R. 10(D).

3. Defendants deny all allegations and claims asserted herein which are not specifically admitted.

4. Plaintiff's alleged injuries/damages may have been caused by an act of God.

5. Any injuries or damages allegedly sustained by Plaintiff or Plaintiff's Decedent were proximately caused by acts and/or omissions of third persons over whom these Defendants had no right or authority to control and for whom Defendants are not liable.

6. Defendants are entitled to absolute, sovereign, statutory, and/or qualified immunity under state and/or federal law from any and all of Plaintiff's claims.

7. Any claimed actions by Defendants or claimed inactions were protected by an absolute or qualified privilege.

8. Plaintiff's decedent's own negligence and/or intentional acts solely caused or proximately contributed to any injuries and/or damages allegedly sustained by Plaintiff or Plaintiff's decedent.

9. Plaintiff's claim for punitive damages is without merit, is unconstitutional, is subject to bifurcation and a statutory cap.

10. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

11. Plaintiff's Complaint is barred and/or Plaintiff's damages are reduced, if any, due to Plaintiff's and/or Plaintiff's decedent's own comparative/contributory negligence, express, implied, primary and/or unreasonable assumption of the risk.

12. Plaintiff's damages are subject to a set-off.

13. Plaintiff may have failed to join all necessary and indispensable parties.

14. Plaintiff may lack standing and/or capacity to bring this action.

15. Defendants reserve the right to apportion fault to one or more non-parties.

16. Plaintiff's claims may be barred by the doctrines of waiver or estoppel.

17. Plaintiff's damages, if any, may be subject to a statutory cap.

18. Plaintiff may have failed to mitigate damages, if any.

19. Plaintiff's claims may be time-barred and/or barred by the statute of repose and/or doctrine of laches.

20. Plaintiff's claims are barred due to lack of foreseeability and/or lack of proximate cause and/or by the doctrine of intervening, superseding causation.

21. Plaintiff may not be the real party in interest, may lack standing and/or may lack capacity. Plaintiff's claims may be barred due to discharge in bankruptcy.

22. Defendants owed no fiduciary duty to Plaintiff or Plaintiff's decedent.

23. Plaintiff cannot meet the elements of a claim for negligence, breach of fiduciary duty or deliberate indifference to a known medical need.

24. Defendants did not perform any alleged wrongful act(s) negligently, knowingly, purposefully, with malicious purpose, in bad faith, intentionally, recklessly, willfully, or wantonly.

25. Defendants did not act with deliberate indifference to a known serious medical need of Plaintiff's decedent.

26. Defendant NaphCare, Inc. did not create a policy, custom or procedure that led to any constitutional violation.

27. Defendant Naphcare, Inc. is not subject to vicarious liability under 42 U.S.C. 1983.

28. The allegations contained in Plaintiff's Complaint do not properly invoke the protections and/or remedies provided by 42 U.S.C. § 1983.

29. The Defendants did not cause Plaintiff or Plaintiff's decedent any injury.

30. Plaintiff has failed to properly commence and/or effectively/validly serve Defendants.

31. Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses which become apparent or available during the course of discovery and hereby reserve the right to amend this Answer to assert such defense(s).

**WHEREFORE**, Defendants Naphcare, Inc., April Merkt, Greg Mills, Brenda Ellis, M.D., Pamela Mitchell, R.N., and Darrell Rader, R.N., through counsel, prays that Plaintiff's Complaint be dismissed with prejudice with all costs and attorney's fees assessed to the Plaintiff.

Respectfully submitted,

REMINGER CO., L.P.A.

/s/ Carrie M. Starts
Robert W. Hojnoski (0070062)
Carrie M. Starts (0083922)
525 Vine St., Suite 1700
Cincinnati, OH 45202
Tel: (513) 721-1311; Fax: (513) 721-2553
rhojnoski@reminger.com; cstarts@reminger.com
***Counsel for Defendants Naphcare, Inc., April Merkt, Greg Mills, Brenda Ellis, M.D., Pamela Mitchell, R.N., and Darrell Rader, R.N.***

**JURY DEMAND**

Defendant, through counsel, hereby requests a trial by jury on all issues.

/s/ Carrie M. Starts
Carrie M. Starts (0083922)

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed this 21st day of February 2019. Notice of filing will automatically be sent to all counsel of record, which constitutes service by rule:

Douglas D. Brannon, Esq.
Brannon & Associates
130 W. 2nd Street, Suite 900
Dayton, OH 45402
dougbrannon@branlaw.com
***Counsel for Plaintiff***

Anne M. Jagielski (0093047)
Joseph D. Saks (0088082)
Assistant Prosecuting Attorneys
Montgomery County Prosecutor's Office
301 West Third Street, P.O. Box 972
Dayton, OH 42422
jagielskia@mcohio.org
saksj@mcohio.org
***Counsel for Robert Streck and Montgomery County Board of Commissioners***

/s/ Carrie M. Starts
Carrie M. Starts (0083922)