**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RANDALL JOHNSON, JR, | : | Case No. 3:19-cv-00054 |
| Admn. Estate of Sasha Garvin, | : | |
| | : | District Judge Thomas M. Rose |
| Plaintiff, | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| vs. | : | |
| | : | |
| NAPHCARE, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

**DECISION AND ENTRY**

---

The parties in this case, brought under 42 U.S.C. § 1983, have run into several discovery disputes.  Plaintiff, through his Motion to Compel, seeks a three-part Order:

1. compelling Defendant Naphcare to respond Plaintiff's Second Request for Production of Documents served on Defendant on February 11, 2020;

2. compelling Defendant Naphcare, Inc., April Merkt, Greg Mills, Brenda Ellis, M.D., Pamela Mitchell, R.N., and Darrell Rader, R.N. to produce witnesses for depositions as requested on multiple occasions; and

3. compelling Defendants Robert Streck and Montgomery County Board of Commission[er]s to produce witnesses for depositions as requested on multiple occasions.

(Doc. No. 27; Doc. No. 30).  Plaintiff seeks an Order requiring Defendants to provide firm deposition dates for the remaining witnesses.  He further requests an award of sanctions, including additional expert fees required to amend their reports, reasonable attorney fees, and costs for the prosecution of his motion.

The Montgomery County Defendants and the Naphcare, Inc. Defendants oppose

Plaintiff's Motion to Compel (Doc. No. 28; Doc. No. 29).

Defendant Naphcare reports that it has now fully responded to Plaintiff's Second Request for Production of Documents.  (Doc. No. 29, PageID 359).  According to Plaintiff, "On June 16, 2020, Mr. Hojnoski stated that he anticipated discovery would be provided by 'the end of the week.'  Thereafter, nothing was received."  (Doc. No. 30, PageID 363). This implies that Plaintiff still has not received Defendant Naphcare's responses or that he did not receive them until after he filed his Motion to Compel.  Either way, Plaintiff's Reply does not specifically refute Defendant Naphcare's statement that it has now fully responded to his Second Request for Production of Documents.  Consequently, this statement is accepted as accurate, leaving no present need to Order Defendant Naphcare to respond to Plaintiff's Second Request for Production.

Turning to depositions, Plaintiff asserts that Defendants' counsel has delayed and avoided scheduling the remaining depositions so that it is now obvious they will not schedule depositions without court intervention.  Plaintiff explains that he needs to depose at least the following 18 lay witnesses:

**Naphcare-Connected Witnesses**

> Defendant Pamela Mitchell, R.N. (former Naphcare employee)
> Defendant Darrell Rader, R.N. (current Naphcare employee)
> Kelly Spencer
> Jeff Harger
> Nichole Hochwalt
> Angela Kaffenberger

**Non-Defendant Witnesses of the Montgomery County Sheriff's office who work or have worked at the Montgomery County Jail**

2

      Dave Parin
      Linda Thomas
      Corrections Officer (CO) Sessoms
      CO Cox
      David Williams
      CO Pierce
      CO Sizemore
      CO Madison Koehl
      CO Keaton
      CO Meyer
      Cpt. Crosby
      Sgt. Freehan

(Doc. No. 27, PageID 311; Doc. No. 27-1, PageID 313).  Plaintiff predicts that it is likely more witnesses will be identified during the depositions of these 18 witnesses.  And Plaintiff has informed Defendants that he wants to depose any witnesses they intend to call to testify at trial.

The Montgomery County Defendants contend that Plaintiff's Motion to Compel and request for sanctions should be denied.  They explain that the parties have engaged in much written discovery, conducted depositions, and have exchanged expert reports.  They further note that Plaintiff's counsel has taken the depositions of three Defendants:  April Merkt, Greg Mills, and Brenda Ellis, M.D.  And the Montgomery County Defendants refer to the fact that the global COVID-19 pandemic shut down many businesses and offices during April, May, and June 2020, and caused the individuals working at the Montgomery County Jail to endure exigent circumstances, leaving them little time to give depositions in an orderly and safe manner.

The Naphcare Defendants argue that Plaintiff's Motion to Compel should be denied because he has not accurately described the history of counsel's communications, has not

exhausted all extrajudicial means of resolving the disputes, and has presented disputes that could have been more efficiently resolved in a telephone scheduling conference or an informal discovery conference with the Court.

What stands out from the parties' briefing is that there is no issue over whether the 18 depositions should occur.  Plaintiff's counsel has instead encountered scheduling difficulties.  This was, in part, due to the pandemic, especially during the months of April, May, and June of 2021.  Although the parties disagree over some of their communications, there remains sufficient time to complete the 18 depositions before the close of discovery on July 1, 2021.  Despite some apparent foot dragging, the parties' scheduling difficulties likely would have been resolved by an informal discovery telephone conference pursuant to S.D. Ohio Civ. R. 37.1  And Plaintiff thus far has not suffered significant prejudice to his ability to prosecute his case.  If future foot dragging leads to prejudice and threatens to encroach upon the discovery deadline, the issue of whether sanctions should be imposed will be revisited.

Lastly, in the event the parties have exhausted their extrajudicial means for resolving any future discovery issues without resolution, they are encouraged to contact the undersigned Judicial Officer's Courtroom Deputy to schedule an informal telephone conference before filing additional discovery motions.  *See* S.D. Ohio Civ. R. 37.1.

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff's Motion to Compel (Doc. No. 27) is granted, in part, and the parties shall cooperate in scheduling the remaining depositions and completing discovery by the July 1, 2021 deadline; Plaintiff's Motion to Compel (Doc. No. 27) is otherwise denied; and

2.  Plaintiff's request for sanctions is denied without prejudice to renewal.

January 14, 2021                                    *s/Sharon L. Ovington*
                                                   Sharon L. Ovington
                                                   United States Magistrate Judge