UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| RANDALL JOHNSON, JR. Admin. of the Estate of Sasha Garvin, deceased )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>NAPHCARE, INC., et al. )<br>)<br>Defendants. ) | CASE NO. 3:19-CV-00054<br><br>Judge Thomas M. Rose<br>Magistrate Judge Sharon Ovington |

## PROTECTIVE ORDER

Pursuant to the Court's May 5, 2021 Decision and Order and NaphCare, Inc.'s request that the Court enter this Order and place limitations and restrictions on use of NaphCare's Proprietary Information produced for inspection and copying during the course of this litigation (the "Action"), the Court hereby **ORDERS** that:

**1.** **Scope.** This Protective Order (hereinafter "Protective Order" or "Order") shall apply to NaphCare's Policy and Procedure Manual (previously produced as NC 179-357) as well as the proprietary components and systems of NaphCare's electronic health record system, TechCare®, including the TechCare® Nursing Protocols (previously produced as NC 882-980) (collectively referred to as "NaphCare's Proprietary Information").

**2.** **Purpose.** The purpose of this Protective Order is to protect against the disclosure and/or improper use of NaphCare's Proprietary Information.

**3.** **Disclosure and Improper Use Defined.** As used herein, "disclosure" or "to disclose" means to disseminate, divulge, reveal, describe, summarize, paraphrase,

1

quote, transmit, or otherwise communicate NaphCare's Proprietary Information in any fashion to any person, corporation, or other business, and the restrictions contained herein regarding disclosure of NaphCare's Proprietary Information also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to NaphCare's Proprietary Information or information contained therein. As used herein, "improper use" means to utilize NaphCare's Proprietary Information for any business-related purpose, for the purpose of gaining a competitive advantage, or for any other purpose not directly connected with this Action.

    4.    **Limitation Of Use.**

        a.    **General Protections.** NaphCare's Proprietary Information shall be used by Plaintiff and Plaintiff's experts solely for purposes of prosecuting or defending this Action. Plaintiff and Plaintiff's experts shall not use or disclose NaphCare's Proprietary Information for an Improper Purpose or for any other purpose, including but not limited to any business, commercial, or competitive purpose. Except as set forth in this Order, Plaintiff and Plaintiff's experts shall not disclose Confidential Information to any third party.

        b.    **Persons To Whom Confidential Information May Be Disclosed.** Use of NaphCare's Proprietary Information, including all information derived therefrom, shall be restricted solely to the following persons who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

1. Counsel of record and their administrative staff;

2. Parties to the Action;

3. Expert witnesses (including partners, associates and employees of the firm which employs such expert) retained by the parties or their counsel counsel for purposes of this litigation, but only to the extent necessary to further said party's interest in this litigation, and only after such experts have completed the certification attached hereto as Attachment A, Acknowledgment of Understanding and Agreement to be Bound;

4. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action, as well as court reporters/videographers;

5. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action;

6. Interviewees, potential witnesses, deponents, hearing or trial witnesses, and any other person, where counsel for a party to this action in good faith determines the individual should be provided access to such information in order for counsel to more effectively prosecute or defend this action (as long as the disclosure occurs in the presence of counsel, and copies, duplicates, images, or the like are not removed or retained by any interviewee, potential witness, deponent, or hearing or trial witness), provided, however, that in all such cases the individual to whom disclosure is to be made has been informed that the information contained in the disclosed document(s) is confidential and protected by Court Order, that the individual understands that he/she is prohibited from disclosing any information contained in the document(s) to anyone; or

7. Any other person agreed to in writing by the parties.

**5.     Inadvertent Production.** Inadvertent production of NaphCare's Proprietary Information shall be governed by Fed. R. Evid. 502. Production of documents or information by any party at trial shall not constitute a waiver of the provisions of this Protective Order.

3

6. **No Determination Of Admissibility.** This Order does not constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any party's objections thereto.

7. **Order Subject To Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

8. **Documents to be Destroyed at Conclusion of Litigation.** NaphCare's Proprietary Information shall remain the property of NaphCare and together with all notes, abstracts, copies, or summaries thereof, shall be destroyed by Plaintiff as well as any of the individuals listed in Paragraph 4(b) who may have received the Confidential Information within 30 days after the entry of a final judgment no longer subject to appeal on the merits of the case or the execution of any agreement between the parties to resolve amicably and settle the case.

**SO ORDERED.**

October 29, 2021

*s/Sharon L. Ovington*
Sharon L. Ovington
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| RANDALL JOHNSON, JR. Admin. of the Estate of Sasha Garvin, deceased )<br><br>Plaintiff, )<br>v. )<br>)<br>NAPHCARE, INC., et al. )<br>)<br>Defendants. ) | CASE NO. 3:19-CV-00054<br><br>Judge Thomas M. Rose<br>Magistrate Judge Sharon Ovington |

## **PROTECTIVE ORDER**
## **ATTACHMENT A**

The undersigned hereby acknowledges that [he/she] has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate [him/her] to use documents designated "NaphCare's Proprietary Information" in accordance with the Order, solely for the purpose of the above-captioned action. The undersigned agrees not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern, and further agrees not to disclose such documents or information for any business-related purpose, for the purpose of gaining a competitive advantage, or for any other purpose not directly connected with this Action.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

_____

Date: _____ _____

Signature: _____